# SUPREME JUDICIAL COURT

FOR THE

COUNTIES OF SUFFOLK, ESSEX, MIDDLESEX, NORFOLK, PLYMOUTH, BRISTOL, BARNSTABLE, DUKES COUNTY AND NANTUCKET, AT THE ADJOURNED SESSION IN OCTOBER OF JANUARY TERM 1860 AT BOSTON.

PRESENT:

Hon. GEORGE T. BIGELOW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. PLINY MERRICK,                    } Justices.
Hon. REUBEN A. CHAPMAN,

---

Commonwealth *vs.* Andrew C. Wallace & another.

An indictment for a conspiracy must set out the unlawful agreement in such detail as to show a conspiracy to effect the purpose by illegal means, and to inform the defendants of the acts intended to be relied on, and enable the court to judge of their character; and does not do this sufficiently by alleging that the defendants, maliciously contriving, devising and intending to cheat and defraud a person named, and to obtain from him a specified sum of money by means of false pretences, unlawfully conspired to obtain that sum from him, and then setting forth the acts done in the execution of the agreement.

Indictment for a conspiracy, alleging that the defendants on the 21st of August 1858, with force and arms, at Melrose, in the county of Middlesex, "being persons of an evil disposition, and maliciously contriving, devising and intending one

Joseph E. Westgate to cheat and defraud, and then and there maliciously contriving, devising and intending to obtain from the said Westgate a large sum of money, to wit, the sum of three hundred dollars, of the moneys of the said Westgate, by means of false pretences, did then and there unlawfully combine, conspire, confederate and agree together, knowingly, designedly and by false pretences and representations to the said Westgate, to obtain from the said Westgate the sum of three hundred dollars of the moneys of the said Westgate; and in pursuance of said unlawful combination and conspiracy," the indictment proceeded to aver, the defendants then and there made to Westgate certain false and fraudulent representations, which were fully set forth.

The defendants, being convicted in the superior court, moved in arrest of judgment, because no offence was duly set forth in the indictment. *Morton*, J. overruled the motion, and the defendants alleged exceptions.

*A. V. Lynde*, for the defendants.

*S. H. Phillips*, (Attorney General,) for the Commonwealth, cited *The King* v. *Gill*, 2 B. & Ald. 204; *Sydserff* v. *The Queen*, 11 Ad. & El. N. R. 245; *Regina* v. *Whitehouse*, 6 Cox C. C. 38; *Regina* v. *Carlisle*, 6 Cox C. C. 366; Note to *Commonwealth* v. *Eastman*, in 1 Lead. Crim. Cas. 294; Whart. Crim. Law, §§ 2299 – 2306 & notes.

DEWEY, J. The motion in arrest of judgment in the present case must prevail. In the conflict of authority as to the proper mode of charging a conspiracy, and the facts necessary to be alleged in the indictment, we are to follow the line of precedents established by this court. This subject was very fully considered in the cases of *Commonwealth* v. *Hunt*, 4 Met. 111, *Commonwealth* v. *Eastman*, 1 Cush. 225, and *Commonwealth* v. *Shedd*, 7 Cush. 514. One leading principle is that the unlawful agreement constitutes the gist of the offence. Any averment of the acts done in execution of such conspiracy does not aid the indictment, and the proof of them is not necessary to a conviction. The indictment must therefore set out an offence complete in itself, without the aid of the averment of illegal acts done in

pursuance of the conspiracy. The charge of "cheating and defrauding" does not necessarily import the commission of any indictable offence, either at common law or by statute. Therefore, when the object of the conspiracy is "to cheat and defraud," the means proposed to be used must be set out, and set forth in such detail as to show a conspiracy to effect the intended purpose by illegal means — thus enabling the court to see the character of the acts proposed to be done in the accomplishment of the purpose of the intended conspiracy, and also apprising the defendant of the facts relied upon to constitute the offence with which he is charged.

The present case, it is true, differs from the cases of *Commonwealth* v. *Eastman* and *Commonwealth* v. *Shedd* in some respects. It contains an allegation of a conspiracy to cheat and defraud, and to obtain a sum of money from the moneys of Joseph E. Westgate "by means of false pretences," and alleges that the defendants unlawfully conspired "by false pretences and representations to the said Westgate" to obtain from the said Westgate the sum of three hundred dollars, &c. The further inquiry is whether this form of indictment does sufficiently set out the unlawful means proposed to be used. In an indictment for cheating by false pretences, such a general allegation would be clearly insufficient. As it is here introduced as the only legal foundation for the indictment, and the validity of the indictment depends entirely upon the conspiracy to use illegal means to cheat and defraud, the court are of opinion that those means should be set forth with more particularity than by the general allegation "of false pretences." An appropriate form is found in 2 Archb. Crim. Pl. (Waterman's ed.) 1049, in this form : " Did unlawfully conspire, combine and agree together falsely and fraudulently to cheat and defraud the said C. D. of a large sum of money, viz. the sum of £ ——, under the false and fraudulent pretence that," &c. (stating the false pretence).

In *State* v. *Roberts,* 34 Maine, 320, an indictment like that in the present case was held bad, as not sufficiently descriptive of the means to be used. The description of the means was

said to be too general, and as the validity of the indictment in that case depended upon the illegal means to be used, the indictment could not be maintained. The same is the case here, and we think, for the like reasons, this indictment is insufficient.

We are aware that under the English decisions in *The King* v. *Gill,* 2 B. & Ald. 204, and other subsequent cases recognizing the authority of that case, this indictment might be sustained. But we are also aware that while thus sustaining the case of *Rex* v. *Gill* as an authority to be followed by them, one learned judge has declared that it "is generally mentioned as a case of the greatest laxity;" *The Queen* v. *Parker,* 3 Ad. & El. N. R. 299; and another has expressed his regret "that a charge so little calculated to inform a defendant of the facts intended to be proved upon him should be considered by the law as well laid." *The Queen* v. *Kenrick,* 5 Ad. & El. N. R. 61. We shall avoid these objections, and also give effect to the principles upon which our previous decisions were founded, by holding the form of the present indictment insufficient.

*Judgment arrested.*